**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANICE QUILLOIN, | : | |
| **Plaintiff,** | : | **Case No. 2:09-cv-05781-AB** |
| | : | |
| v. | : | |
| | : | **Honorable Anita B. Brody** |
| TENET HEALTHSYSTEM | : | |
| PHILADELPHIA, INC., TENET | : | |
| HEALTHCARE CORPORATION, and | : | **(Filed via Electronic Case Filing System)** |
| TENET HEALTHSYSTEM | : | |
| HAHNEMANN, LLC, | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS TENET HEALTHSYSTEM PHILADELPHIA, INC.'S AND TENET
HEALTHSYSTEM HAHNEMANN, LLC'S ANSWER AND STATEMENT OF
AFFIRMATIVE AND ADDITIONAL DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Tenet HealthSystem Philadelphia, Inc. ("Tenet Philadelphia") and Tenet HealthSystem Hahnemann, LLC ("Tenet Hahnemann"),[1] by and through their undersigned counsel, hereby file this Answer and Statement of Affirmative and Additional Defenses to Plaintiff's First Amended Complaint ("Amended Complaint"), and respond to the correspondingly numbered paragraphs of the Amended Complaint as follows:

1.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 1.  Tenet Philadelphia and Tenet Hahnemann deny, however, that this case is properly asserted as a nationwide collective action pursuant to 29 U.S.C. § 216(b) as defined by Plaintiff in this Paragraph or otherwise, that

---

[1] In response to Plaintiff's initial Complaint (D.E. #1), Defendant Tenet Healthcare Corporation ("THC") filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Motion to Dismiss") (D.E. #10).  Pursuant to the Stipulated Court Order entered on April 27, 2010 (D.E. #20), Plaintiff's Amended Complaint does not moot or otherwise affect this Court's consideration or determination of THC's Motion to Dismiss.  Accordingly, THC need not respond to Plaintiff's Amended Complaint as its previously-filed Motion to Dismiss, which applies equally to the Amended Complaint, remains pending.

Plaintiff has a valid cause of action in any respect, that Plaintiff's claims are similar to claims of the alleged putative plaintiffs, or that Plaintiff is otherwise entitled to any relief.

2.      Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 2.  Tenet Philadelphia and Tenet Hahnemann deny, however, that this case is properly asserted as a state-wide class action.  Tenet Philadelphia and Tenet Hahnemann further deny that Plaintiff has a valid cause of action in any respect, including under the Pennsylvania Minimum Wage Act, as amended, 43 Pa. C.S.C. § 333.101-333.115; the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 *et seq.*, or Pennsylvania common law, or that Plaintiff is otherwise entitled to any relief.

3.      Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 3.  Tenet Philadelphia and Tenet Hahnemann deny, however, that this case is properly asserted as a state-wide class action pursuant to Fed. R. Civ. P. 23(a) and (b) as defined by Plaintiff in this Paragraph or otherwise, that Plaintiff has a valid cause of action in any respect, that Plaintiff's claims are similar to claims of the alleged putative plaintiffs, or that Plaintiff is otherwise entitled to any relief.

4.      Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 4.  Tenet Philadelphia and Tenet Hahnemann deny, however, that Plaintiff can properly assert either a nationwide collective action or a state-wide class action, that Plaintiff has a valid cause of action in any respect, that Plaintiff's claims are similar to claims of the alleged putative plaintiffs, or that Plaintiff is otherwise entitled to any relief.

5.      Denied.

6.      The allegations contained in Paragraph 6 of Plaintiff's Amended Complaint set

forth conclusions of law to which no responsive pleading is required.

7.      The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint set forth conclusions of law to which no responsive pleading is required.

8.      The allegations contained in Paragraph 8 of Plaintiff's Amended Complaint set forth conclusions of law to which no responsive pleading is required.

9.      The allegations contained in Paragraph 9 of Plaintiff's Amended Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Tenet Philadelphia and Tenet Hahnemann do not deny venue is proper in this Court.

10.      Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff is an adult individual and that from October 2006 through February 2008, and again from December 2008 through November 2009, she worked at Tenet Hahnemann in its emergency department.  Tenet Philadelphia and Tenet Hahnemann lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning where Plaintiff currently resides, and therefore deny that allegation.  Tenet Philadelphia and Tenet Hahnemann also deny any and all remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.      Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 11.  Tenet Philadelphia and Tenet Hahnemann deny, however, that such allegation is sufficient to comply with the requirements of Section 216(b) of the FLSA.

12.      The allegations set forth in Paragraph 12 are directed at an entity other than Tenet Philadelphia and/or Tenet Hahnemann and, therefore, Tenet Philadelphia and Tenet Hahnemann are not required to respond.

13.      The allegations set forth in Paragraph 13 are directed at an entity other than Tenet

Philadelphia and/or Tenet Hahnemann and, therefore, Tenet Philadelphia and Tenet Hahnemann are not required to respond.

14.     Denied.

15.     Admitted in part; denied in part.  Tenet Hahnemann and Tenet Philadelphia admit that Tenet Hahnemann is a tertiary care hospital.  Tenet Hahnemann and Tenet Philadelphia deny the remaining allegations contained in Paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 20.  Tenet Philadelphia and Tenet Hahnemann deny that they and THC should be collectively referred to as "Defendants."

21.     Denied.

22.     Denied.

23.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 23.  Tenet Philadelphia and Tenet Hahnemann deny, however, that this case is properly asserted as a collective or class action, that Plaintiff has a valid cause of action in any respect, that Plaintiff's claims are similar to claims of the alleged putative plaintiffs, or that Plaintiff is otherwise entitled to any relief.   Tenet Philadelphia and Tenet Hahnemann further deny that the class of similarly situated plaintiffs is properly defined.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that the first and second sentence of Paragraph 42 reflects Plaintiff's beliefs.  Tenet Philadelphia and Tenet Hahnemann deny, however, that Plaintiff and/or any alleged members of the class of similarly situated plaintiffs worked uncompensated hours or are entitled to any damages or restitution.  The remaining allegation in Paragraph 42 sets forth a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Tenet Philadelphia and

Tenet Hahnemann deny the remaining allegations.

43.     Paragraph 43 of Plaintiff's Amended Complaint is an incorporation paragraph. As a result, Tenet Philadelphia and Tenet Hahnemann incorporate each and every one of their prior paragraphs by reference.

44.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 44.  Tenet Philadelphia and Tenet Hahnemann deny, however, that this case is properly asserted as a collective action pursuant to 29 U.S.C. § 216(b) or a class action pursuant to Fed. R. Civ. P. 23.  Tenet Philadelphia and Tenet Hahnemann further deny that Plaintiff has a valid cause of action in any respect, including under the Fair Labor Standards Act, 29 U.S.C. §§ 207-216(b), the Pennsylvania Minimum Wage Act, as amended, 43 Pa. C.S.C. § 333.101-333.115; the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 *et seq.*, or Pennsylvania common law.  Tenet Philadelphia and Tenet Hahnemann further deny that Plaintiff's claims are similar to claims of the alleged putative plaintiffs, or that Plaintiff is otherwise entitled to any relief.

45.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 45.  Tenet Philadelphia and Tenet Hahnemann deny, however, that this case is properly asserted as a collective action pursuant to 29 U.S.C. § 216(b) as defined by Plaintiff in this Paragraph or otherwise, that Plaintiff has a valid cause of action in any respect, that Plaintiff's claims are similar to claims of the alleged putative plaintiffs, or that Plaintiff is otherwise entitled to any relief.

46.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 46.  Tenet Philadelphia and Tenet Hahnemann deny, however, that this case is properly asserted as a class action pursuant to Fed.

R. Civ. P. 23 as defined by Plaintiff in this Paragraph or otherwise, that Plaintiff has a valid cause of action in any respect, that Plaintiff's claims are similar to claims of the alleged putative plaintiffs, or that Plaintiff is otherwise entitled to any relief.

47.     The allegations contained in Paragraph 47 of Plaintiff's Amended Complaint set forth conclusions of law to which no responsive pleading is required.

48.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff is unable to state the exact number of putative class members because the collective group as defined is unascertainable.  Regardless, Tenet Philadelphia and Tenet Hahnemann deny that this case is properly asserted as a collective or class action as defined by Plaintiff in this Paragraph or otherwise.

49.     Denied.

      a.     Denied.

      b.     Denied.

      c.     Denied.

      d.     Denied.

      e.     Denied.

      f.     Denied.

      g.     Denied.

      h.     Denied.

      i.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Paragraph 63 of Plaintiff's Amended Complaint is an incorporation paragraph. As a result, Tenet Philadelphia and Tenet Hahnemann incorporate their prior responses to each and every preceding paragraph by reference.

64.     Tenet Philadelphia and Tenet Hahnemann deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint either because they state conclusions of law to which no responsive pleading is required and/or because they are factually and legally incorrect.

65.     Admitted.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

**WHEREFORE**, Tenet Philadelphia and Tenet Hahnemann request judgment against Plaintiff:

- Dismissing Plaintiff's Amended Complaint on the merits and with prejudice;

- Awarding Tenet Philadelphia and Tenet Hahnemann their attorneys' fees, costs, and disbursements; and

- Awarding such other relief as the Court deems just and equitable.

70.     Paragraph 70 of Plaintiff's Amended Complaint is an incorporation paragraph. As a result, Tenet Philadelphia and Tenet Hahnemann incorporate their prior responses to each and every preceding paragraph by reference.

71.     Paragraph 71 restates the law and therefore no response is required.  To the extent a response is appropriate, Tenet Philadelphia and Tenet Hahnemann deny that Plaintiff has a valid cause of action in any respect, including under the Pennsylvania Minimum Wage Act, as amended, 43 Pa. C.S.C. § 333.101-333.115.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

**WHEREFORE**, Tenet Philadelphia and Tenet Hahnemann request judgment against Plaintiff:

- Dismissing Plaintiff's Amended Complaint on the merits and with prejudice;

- Awarding Tenet Philadelphia and Tenet Hahnemann their attorneys' fees, costs, and disbursements; and

- Awarding such other relief as the Court deems just and equitable.

77.     Paragraph 77 of Plaintiff's Amended Complaint is an incorporation paragraph. As a result, Tenet Philadelphia and Tenet Hahnemann incorporate their prior responses to each and every preceding paragraph by reference.

78.     Paragraph 78 restates the law and therefore no response is required.  To the extent a response is appropriate, Tenet Philadelphia and Tenet Hahnemann deny that Plaintiff has a valid cause of action in any respect, including under the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 *et seq.*

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

**WHEREFORE**, Tenet Philadelphia and Tenet Hahnemann request judgment against Plaintiff:

- Dismissing Plaintiff's Amended Complaint on the merits and with prejudice;

- Awarding Tenet Philadelphia and Tenet Hahnemann their attorneys' fees, costs, and disbursements; and

- Awarding such other relief as the Court deems just and equitable.

84.     Paragraph 84 of Plaintiff's Amended Complaint is an incorporation paragraph. As a result, Tenet Philadelphia and Tenet Hahnemann incorporate their prior responses to each and every preceding paragraph by reference.

85.     Admitted in part; denied in part.  Tenet Philadelphia and Tenet Hahnemann admit that Plaintiff purports to proceed as set forth in Paragraph 85.  Tenet Philadelphia and Tenet

Hahnemann deny, however, that Plaintiff has a valid cause of action in any respect, including under the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1 *et seq.* or Pennsylvania common law.

86.     Denied.

87.     Denied.

88.     Denied.

**WHEREFORE**, Tenet Philadelphia and Tenet Hahnemann request judgment against Plaintiff:

- ▪ Dismissing Plaintiff's Amended Complaint on the merits and with prejudice;

- ▪ Awarding Tenet Philadelphia and Tenet Hahnemann their attorneys' fees, costs, and disbursements; and

- ▪ Awarding such other relief as the Court deems just and equitable.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      To the extent the Court finds that Tenet Philadelphia and/or Tenet Hahnemann took any actions or omissions with respect to Plaintiff, such acts or omissions concerning or affecting Plaintiff and the putative collective groups Plaintiff purports to represent were undertaken in good faith to comply with the FLSA and the PMWA, and with reasonable grounds that the actions did not violate the FLSA or the PMWA, and were justified, proper, and lawful, and were taken without any intent to violate the FLSA or the PMWA.

2.      To the extent Plaintiff's and/or putative collective action members' claims implicate the National Labor Relations Act and/or the Labor Management Relations Act, the doctrine of preemption bars Plaintiff's purported claims and the claims she seeks to assert on behalf of others.

3.      To the extent Plaintiff seeks to enforce putative collective action members' rights under collective bargaining agreements to which she is not a party, Plaintiff lacks standing to pursue the purported claims in whole or in part.  This defense may also apply to the purported claims of some or all of the potential members of the putative classes that Plaintiff purports to represent.

4.      Plaintiff's purported claims and the claims she seeks to assert on behalf of others are barred in whole or in part by the doctrines of laches, waiver, release, accord and satisfaction, and/or unclean hands.

5.      Plaintiff's purported claims are barred in whole or in part by Plaintiff's failure to mitigate her alleged damages, insofar as Plaintiff failed to utilize internal complaint procedures available to her regarding the matters alleged in the Amended Complaint.  This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

6.      To the extent that discovery reveals that Plaintiff falsely reported her hours and there is no evidence that Tenet Philadelphia and/or Tenet Hahnemann required the false reporting of hours; and no evidence that Tenet Philadelphia and/or Tenet Hahnemann knew or should have known that Plaintiff was providing false information as to her hours, or to the extent discovery reveals that Plaintiff otherwise failed to follow Tenet Philadelphia and/or Tenet Hahnemann's policies for reporting her hours, the doctrine of estoppel bars the claims asserted by Plaintiff.  This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

7.      Plaintiff's purported claims and the claims she seeks to assert on behalf of others are barred in whole or in part by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because

any acts or omissions giving rise to this action were done in good faith and in reliance on written administrative regulations, orders, rulings, interpretations and approvals of the Department of Labor.

8.      Plaintiff's purported claims and the claims she seeks to assert on behalf of others are barred in whole or in part by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any other state or federal law.

9.      To the extent that the period of time alluded to in the Amended Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims are barred.

10.     Some or all of Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitation governing the claims advanced by Plaintiff, including but not limited to, the FLSA and the PMWA.

11.     Plaintiff does not, and cannot, fairly and adequately represent the interests of the purported collective group.

12.     Certification of a collective action, as applied to the facts and circumstances of this case, would constitute a denial of Tenet Philadelphia and/or Tenet Hahnemann's procedural rights and right to trial by jury, and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

13.     Plaintiff's Rule 23 class claims are incompatible with her Rule 216(b) collective action claims.  Accordingly, this Court should dismiss Plaintiff's Rule 23 class allegations with

prejudice and allow Plaintiff to assert her wage and hour claim under Pennsylvania state law on an individual basis in this action.

14.     Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

15.     Plaintiff's claims are barred to the extent Plaintiff and/or alleged similarly situated employees did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under § 207 of the FLSA.

16.     Plaintiff and all alleged putative collective action members have been paid and/or received all wages and/or compensation due to them by virtue of their employment with Tenet Philadelphia and/or Tenet Hahnemann.

17.     This Court lacks subject matter jurisdiction over Plaintiff's claim to the extent that Tenet Philadelphia is not Plaintiff's "employer" under the FLSA and the PMWA and/or to the extent that Tenet Philadelphia and/or Tenet Hahnemann is deemed to be in contractual privity with Plaintiff vis a vis the arbitration agreement that she signed with her employer and Plaintiff has failed to pursue her covered claims in arbitration.

18.     To the extent Tenet Philadelphia and/or Tenet Hahnemann is deemed to be in contractual privity with Plaintiff vis a vis the agreement to arbitrate that she signed with her employer, Plaintiff's claims fail as a matter of law due to her failure to pursue them in arbitration.

19.     Plaintiff and the members of the putative collective action are not similarly-situated.

20.     This suit may not be properly maintained as a class action because: (1) Plaintiff failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a

class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) Plaintiff and her counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; (9) the alleged putative class is not ascertainable, nor are its members identifiable; and (10) to the extent that the alleged putative class is ascertainable and its members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

21.     Tenet Philadelphia and/or Tenet Hahnemann oppose class certification and dispute the propriety of class treatment. If the Court certifies a class in this case over the objections of Tenet Philadelphia and/or Tenet Hahnemann, then Tenet Philadelphia and/or Tenet Hahnemann assert the affirmative and other defenses set forth herein against each and every member of the certified class.

22.     Plaintiff's claims are barred because Tenet Philadelphia and/or Tenet Hahnemann fully performed and/or met its obligations, if any, to Plaintiff.

23.     Plaintiff's Amended Complaint fails to state any facts that would entitle Plaintiff to recover any compensatory damages, liquidated damages, punitive damages, attorneys' fees, costs or equitable relief from Tenet Philadelphia and/or Tenet Hahnemann.

24.     Plaintiff's claims are barred to the extent Tenet Philadelphia and/or Tenet Hahnemann are not Plaintiff's "employer" within the meaning of the FLSA and applicable state statutes.

25.     At all times, Tenet Philadelphia and/or Tenet Hahnemann acted toward Plaintiff in good faith and did not willfully violate any law or deprive Plaintiff of any right or benefit. Consequently, Plaintiff is not entitled to any liquidated damages because the act or omission, if any, giving rise to such action was in good faith and Tenet Philadelphia and/or Tenet Hahnemann had reasonable grounds for believing that their acts or omissions, if any, were not in violation of the FLSA and/or the PMWA.

26.     Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Tenet Philadelphia and/or Tenet Hahnemann.

27.     Plaintiff's state statutory and common law claims are preempted by the FLSA and/or the availability of other exclusive statutory remedies.

28.     The absence of a written contract between Plaintiff and Tenet Philadelphia and/or Tenet Hahnemann precludes her claim under PWPCL.

29.     To the extent any members of the putative collective action and/or classes have signed a release and/or waiver encompassing claims alleged in Plaintiff's Amended Complaint, their claims are barred by that release and/or waiver.

30.     Any violation by Tenet Philadelphia and/or Tenet Hahnemann of federal law was *de minimis* and does not entitle Plaintiff nor alleged putative collective and class members to the relief sought in this lawsuit.

31. Assuming, *arguendo*, that Plaintiff is entitled to any overtime compensation, any time spent performing preliminary and/or postliminary activities must be excluded from compensable hours of work.

Tenet Philadelphia and Tenet Hahnemann reserve the right to assert any additional defenses they discover during the course of litigation.

**WHEREFORE**, Defendant Tenet HealthSystem Philadelphia, Inc. and Tenet HealthSystem Hahnemann, LLC request that this Court dismiss Plaintiff's Amended Complaint with prejudice; that it enter judgment in their favor and against Plaintiff on all counts; and that this Court award their costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Respectfully submitted,

/s/ *James N. Boudreau*
James N. Boudreau (PA 77891)
Christina T. Tellado-Winston (204246)
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel. (215) 988.7800
Fax. (215) 988.7801

Michele Malloy (PA 88456)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
Tel. (267) 402.3000
Fax. (267) 402.3131

Attorneys for Tenet HealthSystem
Philadelphia, Inc. and Tenet
HealthSystem Hahnemann, LLC

Date: May 13, 2010

## CERTIFICATE OF SERVICE

I, James N. Boudreau, hereby certify that I caused a true and correct copy of the

foregoing Defendants Tenet HealthSystem Philadelphia, Inc.'s and Tenet HealthSystem

Hahnemann, LLC's Answer and Statement of Affirmative and Additional Defenses to Plaintiff's

Amended Complaint to be served via ECF as follows:

Trevan P. Borum
Two Logan Square
100 N. 18th Street
12th Floor
Philadelphia, PA 19103
(215) 567-1248
Email: t.borum@verizon.net

Kendall S. Zylstra
Gerald D. Wells III
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA 19006
(215) 914-2460
Email: kzylstra@faruqilaw.com
jwells@faruqilaw.com

Gary F. Lynch
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(724) 656-1555
Email: glynch@carlsonlynch.com

/s/ *James N. Boudreau*_____
James N. Boudreau

Dated:  May 13, 2010